[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11508
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00158-KD-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUCRISTO LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(June 14, 2012)

Before DUBINA, Chief Judge, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Jesucristo Lopez appeals his 87-month sentence of imprisonment, imposed after he pled guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B), and one count of attempting to smuggle weapons from the United States, in violation of 22 U.S.C. § 2778 and 18 U.S.C. § 554(a). On appeal, Lopez argues that his sentence appeal waiver was not knowing and voluntary, and that the district court erred in applying a two-level guideline sentencing enhancement under U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon. We have already resolved the waiver issue by denying the government's motion to dismiss on that ground. Therefore, this opinion only addresses the sentencing issue.

We review a district court's findings of fact under § 2D1.1(b)(1) for clear error, and its application of the Sentencing Guidelines to those facts *de novo*. *United States v. Pham*, 463 F.3d 1239, 1245 (11th Cir. 2006). However, it is "not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence." *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006) (internal quotation marks omitted). To hold that an alleged guideline error was harmless, we consider whether: (1) the district court would have reached the same result if it had decided

2

the guideline issue the other way; and (2) the sentence imposed was reasonable under the factors in 18 U.S.C. § 3553(a), even if the guideline issue had been resolved in the defendant's favor. *Id.*

Under § 2D1.1(b)(1), a defendant is subject to a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). The commentary to this section provides as follows: "The enhancement for weapon possession in subsection (b)(1) reflects the increased danger of violence when drug traffickers possess weapons. The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *Id.* § 2D1.1 comment. (n.3(A)). Possession can be shown by demonstrating the defendant actually possessed the firearm or that he constructively possessed it. *United States v. Villarreal*, 613 F.3d 1344, 1359 (11th Cir. 2010). Constructive possession means that the defendant had "ownership, dominion, or control over an object itself or control over the premises in which the object is concealed." *Id.* (internal quotation marks omitted).

As to the reasonableness of the sentence, the district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter

3

criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, and the pertinent policy statements of the Sentencing Commission. *See generally id.* § 3553(a)(1), (3)-(7).

"The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). The "weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (internal quotation marks omitted). We will not reverse unless "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (internal quotation marks omitted), *cert. denied*, 131 S. Ct. 1813 (2011).

We conclude from the record that any error committed by the district court in imposing a two-level guideline enhancement under § 2D1.1(b)(1) was harmless under the circumstances. The record demonstrates that the district court would have imposed the same 87-month total sentence of imprisonment even if the guideline issue had been resolved in Lopez's favor, and his sentence would have been reasonable if his advisory guideline range had been calculated absent the enhancement. *See Keene*, 470 F.3d at 1349. Accordingly, we affirm Lopez's sentence.

**AFFIRMED.**